HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON SMITH, | CASE NO. 3:19-cv-06187-RBL |
| Plaintiff, | ORDER |
| v. | |
| TOM WOLFE, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Jason Smith's Motion to Proceed In Forma Pauperis, supported by his Declaration and Proposed Complaint. Dkt. # 1.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Smith states that he has received a total of $14,200 in the past twelve months from Uber driving, social security disability benefits, and a "graduation gift." Dkt. # 1 at 1. He also makes a monthly salary of $200 by driving for Uber, although this amount does not match the $6,000 that he received through Uber driving over the past 12 months. *Id*. While it is a close call, Smith's reliance on government benefits and low monthly income are sufficient for IFP status.

However, Smith nonetheless does not qualify for IFP because his proposed complaint does not plausibly state a claim. When explaining the facts underlying his claim, Smith states, "5 police on the scene, with a supervisor who became complicit in illegal actions against me, and refused to take my complaint but instead took part in plan to cause damage and risk safety of public." Dkt. # 1-1 at 6. This statement is far too vague for the Court to have any notion of what actually happened to Smith, much less why it warrants relief. While a lengthy factual description is not necessary, Smith must state *specifically* the events underlying his legal claim.

//

//

//

//

Smith's Motion is DENIED. Within 21 days of this Order, Smith must either (1) file a proposed amended complaint addressing the deficiencies noted above, or (2) pay the filing fee. If Smith fails to do either of these things his case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 16th day of December, 2019.

Ronald B. Leighton
United States District Judge